**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4038**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON ANTWAN GRAY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00350-NCT-1)

Submitted:  March 30, 2021                     Decided:  June 4, 2021

Before GREGORY, Chief Judge, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Whitney N. Shaffer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Antwan Gray entered a conditional guilty plea to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Gray reserved the right to appeal the district court's denial of his motion to suppress the loaded firearm found by law enforcement after he consented to a pat down search. On appeal, Gray contends that the district court erred when it concluded that the interaction between Gray and the police was a consensual encounter. We affirm.

In "reviewing a district court's ruling on a motion to suppress, [we] review conclusions of law de novo and underlying factual findings for clear error. If, as here, the district court denied the motion to suppress, [we] construe the evidence in the light most favorable to the government." *United States v. Fall*, 955 F.3d 363, 369–70 (4th Cir.), *cert. denied*, 141 S. Ct. 310 (2020) (internal citations, quotation marks, and brackets omitted). It is settled that "not every encounter between a police officer and a citizen is an intrusion requiring an objective justification." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980); *see United States v. Weaver*, 282 F.3d 302, 309 (4th Cir. 2002) (noting that the Supreme Court has recognized three distinct types of police-citizen interactions, namely, arrests, brief investigatory stops, and brief encounters, "which require no objective justification." (citations omitted)). Instead, an individual is seized "when an officer by means of physical force or show of authority, has in some way restrained the [individual's] liberty." *United States v. Bowman*, 884 F.3d 200, 211 (4th Cir. 2018) (citations and internal quotation marks omitted). We determine whether a reasonable person would have felt free to leave or terminate the encounter based on the "totality of circumstances surrounding the

2

encounter." *Id*.; *see Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 461 (4th Cir. 2013) (discussing factors relevant to whether a seizure occurred).

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*